**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ELIZABETH ROGERS DEPERI,
M.D.,

        Plaintiff,

v.                                            Case No. 3:19-cv-1418-HES-JRK

MAYO CLINIC JACKSONVILLE
(a Nonprofit Corporation), a Florida
non-profit corporation,

        Defendant.

## O R D E R

This cause is before the Court on the Motion to Strike Plaintiff's Expert Disclosures and Incorporated Memorandum of Law (Doc. No. 20; "Motion"), filed January 19, 2021. Plaintiff responded in opposition to the Motion on February 2, 2021. See Dr. DePeri's Response in Opposition to Motion to Strike Expert Disclosures (Doc. No. 22; "Response"). For the reasons stated below, the Motion is due to be denied.

Under Rule 26(a)(2)(D), Federal Rules of Civil Procedure ("Rule(s)"), a party must make its expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Absent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial[.]" Fed. R. Civ. P. 26(a)(2)(D)(i).

"Rule 37 gives a district court discretion to address a litigant's failure to make a required disclosure timely." Lamonica v. Hartford Ins. Co. of the Midwest, 336 F.R.D. 682, 685 (N.D. Fla. 2020) (citing Taylor v. Mentor Worldwide LLC, 940 F.3d 582, 593 (11th Cir. 2019)); see also Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 682 (M.D. Fla. 2010). If a party provides untimely expert disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Lamonica, 336 F.R.D. at 685 (quoting Fed. R. Civ. P. 37(c)). A party's failure to make timely expert disclosures is harmless if that party shows "there is no prejudice to the party entitled to receive disclosure." Id. (quoting Hewitt, 268 F.R.D. at 682). "Courts have broad discretion to exclude untimely expert testimony . . . ." Guevara v. NCL (Bahamas) Ltd., 920 F.3d 710, 718 (11th Cir. 2019) (citation omitted).

Here, by way of background, Plaintiff initiated this action on December 9, 2019 by filing a Complaint and Demand for Jury Trial (Doc. No. 1). On January 14, 2020, Plaintiff filed an Amended Complaint and Demand for Jury Trial (Doc. No. 8). On January 15, 2020, Defendant filed its answer. See Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial (Doc. No. 9).

Thereafter, the parties filed a Case Management Report (Doc. No. 12; "CMR") on February 14, 2020. On February 20, 2020, the Court entered a Case

Management and Scheduling Order (Doc. No. 13; "CMSO") setting case deadlines and scheduling the case for trial. In the CMR, the parties proposed July 28, 2020 as the deadline for Plaintiff's expert disclosures. See CMR at 3. The CMSO did not set forth expert disclosure deadlines. See generally CMSO.

On April 29, 2020, the parties filed a Joint Motion for Extension of Case Management and Scheduling Order and Other Deadlines (Doc. No. 15; "Joint Motion"). In the Joint Motion, the parties requested a ninety-day extension of the deadlines set out in the CMSO. See Joint Motion at 1-2, 5. The parties also stated they "agree[d] that all deadlines agreed to by the [p]arties in their [CMR] that were not addressed in the [CMSO] shall likewise be extended by a period of ninety days." Id. at 3. The Court entered an Order (Doc. No. 16), signed May 1, 2020 and entered May 6, 2020, granting the Joint Motion and extending the CMSO deadlines. The Order did not address expert disclosure deadlines.

On November 25, 2020, the Court entered an Order (Doc. No. 19), signed November 24, 2020, granting Plaintiff's Consent Motion to Enlarge Certain Deadlines (Doc. No. 18) and extending the CMSO deadlines again. The Order extended the discovery deadline to March 8, 2021 and the trial to October 4, 2021. See Nov. 2020 Order at 1-2. Expert disclosure deadlines were not addressed.

On January 7, 2021, Plaintiff disclosed an economic damages expert (J. Rody Borg, Ph.D.) and eight non-retained experts who "may" testify at trial.

3

Motion at 1, 4, Response at 4 & n.1. Defendant argues that Plaintiff's expert disclosures were untimely because based on the May 2020 Order, Plaintiff's expert disclosures were due on October 26, 2020 (ninety days after the proposed deadline of July 28, 2020). See Motion at 1-3. According to Defendant, "by filing her untimely expert report, Plaintiff ignores the parties' stipulations as well as [the May 2020 Order] granting [the Joint Motion] in which the parties set forth their stipulation as to the expert witness disclosure dates." Id. at 5. Defendant contends that allowing Plaintiff's expert disclosures would be prejudicial because Defendant would have to engage in discovery related to the disclosures, and the discovery deadline is March 8, 2021. Id. at 7. Defendant therefore alternatively requests an extension of the discovery deadline. Id. at 8.

Responding, Plaintiff asserts that because the CMSO did not set forth deadlines for expert disclosures, Rule 26(a)(2)(D)(i) governs. See Response at 6. Plaintiff explains that "[i]t is of no moment that the parties provided a proposed 'stipulation' in the CMR" because "[t]hat proposed stipulation was rendered null when this Court entered its CMSO without any deadline." Id. at 6-7. According to Plaintiff, Defendant will suffer no prejudice if the Court allows the expert disclosures because the parties already agreed on a date for Dr. Borg's deposition, and Plaintiff is amenable to extending the discovery deadline. Id. at 10-11.

4

Upon due consideration, the undersigned finds that Plaintiff's expert disclosures were timely. Because the CMSO did not establish deadlines for the disclosure of experts, the deadline set forth in Rule 26(a)(2)(D)(i) applies.[1] See Bodden v. Cole, No. 3:11-cv-127-HES-MCR, 2012 WL 33051, at *2 (M.D. Fla. Jan. 6, 2012) (unpublished) (recognizing there was "an expert disclosure stipulation made by the parties" in their case management report, but noting the Rules "contemplate that the Court's Rule 16 scheduling order controls over the proposals of the parties in their Rule 26(f) report");[2] McMahon v. Presidential Airways, Inc., No. 6:05-cv-1002-JA-GJK, 2009 WL 2151316, at *1 (M.D. Fla. July 14, 2009) (unpublished). Plaintiff complied with the time requirements of Rule 26(a)(2)(D)(i) because she made her expert disclosures on January 7, 2021—about nine months before the October 4, 2021 trial date.

Even if the expert disclosures were untimely, there would be no prejudice to Defendant. The disclosures were made with about three months left in the discovery period. See Nov. 2020 Order at 1 (setting March 8, 2021 as discovery deadline). In any event, as noted above, Plaintiff states she is amenable to an extension of the discovery deadline. See Response at 10-11. If Defendant wishes

---

[1] To the extent Defendant contends that "when the Court granted the parties' Joint Motion, in this case, the deadlines for expert disclosures contained in the [CMR] were extended by 90 days," Motion at 7, the undersigned disagrees. As noted, the May 2020 Order did not address expert disclosure deadlines.

[2] Rule 26(f) requires parties to develop a discovery plan and submit a report (like the CMR filed here) outlining the plan. See Fed. R. Civ. P. 26(f)(2)-(3). Rule 16(b) requires judges to issue a scheduling order after reviewing the proposals made by the parties in their Rule 26(f) report. See Fed. R. Civ. P. 16(b).

to extend the discovery deadline, it shall make this request in a motion. See Fed. R. Civ. P. 7(b) (providing that "[a] request for a court order must be made by motion"); see also Est. of Miller ex rel. Miller v. Toyota Motor Corp., No. 6:08-cv-1358-KRS, 2008 WL 516725 (M.D. Fla. Feb. 22, 2008) (unpublished) (noting that "requests for relief must be made in the form of a motion and not buried in a response to another party's motion") (citing Pine v. Bd. of Cnty. Comm'r of Brevard Cnty., No. 6:06-cv-1551-PCF-UAM, 2007 WL 865593 (M.D. Fla. March 21, 2007) (unpublished) (stating that "[i]t is inappropriate to bury requests for relief in a response")); Orlando Nightclub Enter., Inc. v. James River Ins. Co., No. 6:07-cv-1121-PCF-KRS, 2007 WL 4247875, at *1 n.1 (M.D. Fla. Nov. 30, 2007); Nelson v. Bulso, 149 F.3d 701, 705 (7th Cir. 1998) (holding that it was within the district court's discretion to require separately captioned motions).

Based on the foregoing, it is

**ORDERED**:

The Motion to Strike Plaintiff's Expert Disclosures and Incorporated Memorandum of Law (Doc. No. 20) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on February 25, 2021.

_____
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies:
Counsel of Record

6